IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBIE DEMOSS                                                    PLAINTIFF

vs.                              Civil No. 4:22-cv-04104

COMMISSIONER, SOCIAL                                            DEFENDANT
SECURITY ADMINISTRATION

## **MEMORANDUM OPINION**

Bobbie Demoss ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her disability applications on January 29, 2020.  (Tr. 13).  In

these applications, Plaintiff alleges being disabled due to fibromyalgia, depression, memory fog,

sleep deprivation, getting hot and sweating, not able to stand or sit for periods of time, muscle

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The
transcript pages for this case are referenced by the designation "Tr" and refer to the document
filed at ECF No. 12.  These references are to the page number of the transcript itself not the ECF
page number.

1

weakness, body pain, anxiety, and migraines.  (Tr. 212).  Plaintiff alleges an onset date of November 1, 2019.  (Tr. 13).  These applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 122-171).  This hearing was held on February 10, 2021.  (Tr. 29-48).  At this hearing, Plaintiff was present and was represented by counsel, Matthew Golden. *Id.*  Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing. *Id.*

On October 26, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 17-24).  The ALJ determined Plaintiff met the insured status of the Act through December 31, 2024.  (Tr. 16, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2019.  (Tr. 16, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: hypertension; obesity; fibromyalgia; degenerative joint disease of the bilateral knees; migraine headaches; and mononeuropathy due to lateral femoral cutaneous nerve entrapment.  (Tr. 16, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18, Finding 4).

In the decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 19-22).  Specifically, the ALJ found Plaintiff retained the RFC to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; can push

and/or pull within the weight limits for lifting and carrying; can occasionally reach overhead bilaterally; can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was not able to perform any PRW. (Tr. 22, Finding 6). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 23, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) addressing clerk with approximately 81,300 jobs in the nation, (2) charge account clerk with approximately 192,360 jobs in the nation, and (3) telephone order clerk with approximately 190,390 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from November 1, 2019, through the date of the decision. (Tr. 24, Finding 11)

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On August 22, 2022, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On October 21, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 18, 22. This case is now ready for decision.

## 2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff raises the following issues for reversal: the ALJ erred (1) in the evaluation of the opinions of her treating medical provider, and (2) in the evaluation of her subjective complaints. ECF No. 18 at 3-9. Upon review, the Court finds Plaintiff's claim that the ALJ erred in the evaluation of the opinions of her treating medical provider is merited.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed on January 29, 2020, this new rule applies here, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.*

APRN Lynn Wilkerson, who has treated Plaintiff since 2018, has treated Plaintiff for several impairments including bone and joint pain, migraines, sleep disorder, hot flashes, anxiety, and chronic body pain. APRN Wilkerson is clearly a treating source for purposes of SSA rules. APRN Wilkerson also completed a Migraine Headache Form assessment on Plaintiff. (Tr. 572-577). In this assessment, APRN Wilkerson indicated Plaintiff had migraines affecting her neck, back of head and frontal region, with a poor response to medication. *Id.* APRN Wilkerson also

indicated Plaintiff's migraines would interfere with her ability to work about one day per week. *Id*.

In her decision, the ALJ discussed the opinions of APRN Wilkerson. (Tr. 20). Apart from a brief reference to different medical records, the ALJ did not evaluate the supportability of the APRN Wilkerson's opinion, the consistency of the opinion, relationship of the claimant to the treating source, or the specialization of the treating source that the ALJ is required to consider for a treating physician or source. Accordingly, the Court cannot find the ALJ properly considered the opinions of this treating source as required by the social security regulations.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of September 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE